UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

GAYE LYNN DILEK BREWER,

       Plaintiff,

v.                                                                    Case No. 3:16cv460-MCR-CJK

FEDERAL BUREAU OF
INVESTIGATION, et al.,

       Defendants.

_____/

ORDER and
REPORT AND RECOMMENDATION

       This matter is before the court on plaintiff's civil rights complaint (doc. 1) and motion to proceed *in forma pauperis* (doc. 3). After careful consideration, the undersigned concludes this case should be dismissed for plaintiff's failure to state a claim upon which relief can be granted.

       The complaint names three defendants: (1) the Federal Bureau of Investigation ("FBI"); (2) Alex Nogearos, an FBI agent; and (3) Kinnard, an FBI agent. The complaint contains the factual allegations that follow.

       About one year ago, plaintiff was harassed by a "medium height middle age janitor with glasses" at the FBI office. She was "told not to come back for no reason." She "made complaints to Coastal Bank online." On September 12, 2016, plaintiff spoke with Agent Kinnard "about sexual battery and the extreme emergency

level of color of law abuses in the MC Blanchard building, with obstruction of justice and rampant government corruption thru perjury and police brutality."   Kinnard stated, "I cannot help you, seek psychiatric counseling."  Kinnard "refused oversight with email notifications sent to former director who [plaintiff] found out today moved on."  Agent Nogearos told plaintiff, "I can't study your lawsuits, you have come in several times."  Plaintiff asserts "no one public official has been arrested for severe sexual abuse in public nor judicial color of law issues.  Evidence in my case mutilated or concealed."

Although plaintiff asserts the defendants' actions violated a variety of federal statutes, it is evident she has utterly failed to allege facts showing she is entitled to relief, or that, on these facts, she could cure the deficiency by amendment.  *See* Fed. R. Civ. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief[.]").  The mere fact plaintiff feels irritated or aggrieved by the actions of others does not provide a basis for a civil rights lawsuit.  The complaint, therefore, should be dismissed.

Of note, plaintiff has an extensive history of filing meritless lawsuits in federal court.  Since March 10, 2015, plaintiff has filed twenty-three complaints.  Nineteen of the twenty-three complaints have been dismissed before service, including seventeen in the Northern District of Florida.  *See Brewer v. Gonzalez*, Case No.

3:16cv91-MCR-CJK (case dismissed); *Brewer v. Escambia Cty. Courts*, Case No. 3:16cv72-MCR-EMT (complaint dismissed without prejudice for failure to state a claim); *Brewer v. State of Oklahoma*, Case No. 3:16cv48-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. Pensacola Police Dep't*, Case No. 3:16cv30-MCR-EMT (case dismissed without prejudice as abusive of the judicial process); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv573-RV-EMT (case dismissed); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv567-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. U.S. Attorney's Security*, Case No. 3:15cv563-MRC-CJK (case dismissed for failure to state a claim); *Brewer v. U.S. Marshals Courthouse Security*, Case No. 3:15cv497-MCR-EMT (federal claims dismissed with prejudice as frivolous and for lack of jurisdiction; state law claims dismissed without prejudice); *Brewer v. Area Housing Comm'n*, Case No. 3:15cv500-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice); *Brewer v. City of Gulf Breeze*, Case No. 3:15cv489-MCR-EMT (federal claims dismissed with prejudice as frivolous and state law claims dismissed without prejudice); *Brewer v. City of Pensacola*, Case No. 3:15cv484-MCR-EMT (complaint dismissed with prejudice for failure to state a claim); *Brewer v. Pensacola Police Dep't*, Case No. 3:15cv469-MCR-CJK (case dismissed without prejudice for plaintiff's failure to state a claim

upon which relief can be granted); *Brewer v. Willis*, Case No. 3:15cv183-RV-EMT (case dismissed without prejudice for plaintiff's failure to comply with an order of the court); *Brewer v. Bodenhausen*, Case No. 3:15cv154-RV-EMT (case dismissed with prejudice for failure to state a claim); *Brewer v. Nelson*, Case No. 3:15cv145-MCR-EMT (federal claims dismissed with prejudice for failure to state a claim upon which relief can be granted and state law claims dismissed without prejudice); *Brewer v. Morgan*, Case No. 3:15cv132-RV-EMT (case dismissed without prejudice as frivolous and for failure to state a claim); *Brewer v. Meadows*, Case No. 3:15cv95-RV-EMT (federal claims dismissed with prejudice for failure to state a claim and state law claims dismissed without prejudice).  Two other complaints were dismissed before service in the Northern District of Oklahoma.  *See Brewer v. Weaver*, Case No. 4:15cv139-CVE-TLW (N.D. Okla. Apr. 10, 2015) (dismissing complaint after finding plaintiff failed to allege a colorable federal claim and her state law claims were precluded by Oklahoma law and the doctrine of standing); *Brewer v. Gore*, Case No. 4:15cv140-GKF-PJC (N.D. Okla. Mar. 27, 2015) (dismissing complaint for failure to state a claim and for seeking monetary relief against defendants who are immune from such relief).

In addition to the present case, three other actions remain pending with this court.  *See Brewer v. Morgan*, Case No. 3:16cv457-MCR-GRJ; *Brewer v. Workforce Fla.*, Case No. 3:16cv447-MCR-CJK; *Brewer v. Escambia Cty. Sheriff's Dep't*, Case

No. 3:15cv89-MCR-CJK.   Although these cases have not been resolved, many contain allegations similar to those of the dismissed cases and thus are of doubtful merit.   Plaintiff's habit of filing meritless lawsuits disrupts the court's docket and hinders its ability to process meritorious claims filed by other litigants.   This particular plaintiff—perhaps for reasons beyond her control—seems to view the federal courts as some sort of complaint box or depository for all of life's grievances, rather than a forum for resolution of real disputes.   No useful purpose could be served by allowing this clearly frivolous matter to proceed further.

Accordingly, it is ORDERED:

1.    Plaintiff's motion to proceed *in forma pauperis* (doc. 3) is GRANTED.

And it is respectfully RECOMMENDED:

1.    That this case be DISMISSED.

2.    That the clerk be directed to close the file.

At Pensacola, Florida, this 20th day of September, 2016.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon the Magistrate Judge and all other parties.   A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* U.S. Ct. of App. 11th Cir. Rule 3-1; 28 U.S.C. § 636.